# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

August 16, 2007

# LETTER OPINION
## ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

Re:    **Demorato, et al v. Carver Boat Corporation, et al.**
       **No. 06-240**

Dear Parties,

Before the Court is Plaintiff Joseph Demorato and Plaintiff Joseph Delgaldo's ("Plaintiffs") Motion for Reconsideration of the Court's decision granting summary judgment to Defendants Carver Boat Corporation ("Carver"), Staten Island Boat Sales, Inc. ("SIBS") and Richard Curry. Specifically, Plaintiffs argue that an interrogatory response provided by SIBS creates an issue of material fact precluding summary judgment, and have requested an order setting aside summary judgment pursuant to Fed. R. Civ. P. 60 and the "general power of reconsideration." For the following reasons, Plaintiffs' motion is denied.

## I.    Background

This action involves the sale of a boat, manufactured by Carver and sold to Plaintiffs by SIBS. Plaintiffs claim that after they purchased the boat, it was subject to repeated repair and was out of service for over 80 days. They claim that the boat continued to have numerous problems despite such repairs. They also claim that the boat was falsely presented to them as being ocean-worthy and capable of traveling to destinations such as Costa Rica but that in fact, is not suitable for such travel.

Plaintiffs filed a complaint against Carver, SIBS, and Richard Curry, the salesperson involved in the boat's sale, alleging consumer fraud, negligence, breach of warranty of fitness for a particular purpose, breach of implied warranty of merchantability, breach of express warranty, breach of contract, and a violation of the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq*. On May 16, 2007, this Court granted Defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## II.    Standard

Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order.  L. Civ. R. 7.1(i).[1] Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

There are three grounds for granting a motion for reconsideration:  (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

## III.    Analysis

Plaintiffs argue that the Court should set aside its decision granting summary judgment to Defendants because SIBS answered an interrogatory as follows: "In a response to an inquiry regarding whether the boat could be taken to Costa Rica, the representative of [SIBS] stated it should be shipped on a freighter to Costa Rica as the boat did not have the fuel capacity to make the trip.  Plaintiffs were also informed the boat was not suitable for transatlantic travel . . ." Plaintiffs' Brief in Support of Motion to Set Aside Summary Judgment.  Plaintiffs argue that when they purchased the boat, they were assured that the boat "would be suitable for trips across the Atlantic such as to Costa Rico [sic]." Id.

Plaintiffs argue that a fact issue exists regarding whether or not they were told at the time they purchased the boat that it was suitable for trips to destinations such as Costa Rica. Therefore, Plaintiffs argue that the following counts should remain in the case and be submitted to a jury: breach of the implied warranty of fitness for a particular purpose, breach of express

---

[1]This rule was previously Local Civil Rule 7.1(g).

warranty, and consumer fraud.  The Court finds, however, that SIBS's interrogatory answer does not provide a basis to set aside summary judgment or to reconsider its decision with respect to these counts.

First, regarding Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose, the Court found that the SIBS contract for the sale of the boat clearly excluded implied warranties.  Further, with respect to Carver, the Court dismissed Plaintiffs' claim because there was no evidence of the requisite reliance on Carver necessary to support such a claim.  The interrogatory response cited above does not alter the Court's conclusion that Plaintiffs' breach of the implied warranty of fitness claim must be dismissed as to all Defendants. Although the Court did note in its opinion that Plaintiff's expert testified that, if certain repairs were made, the boat could be taken to Costa Rica, the Court's decision granting summary judgment did not rest solely on this basis.

Similarly, the Court need not set aside its decision with respect to Plaintiffs' breach of express warranty claim.  In its opinion granting summary judgment to Defendants, the Court found that the SIBS contract for the sale of the boat clearly excluded express warranties.  Further, statements made during the sale of the boat do not impact Plaintiffs' express warranty claim against Carver. As Carver asserts, an oral statement made by an SIBS salesperson could not become part of the express warranty issued by Carver.

Finally, Plaintiffs argue that their consumer fraud claim should remain if a jury could find the seller's statements misleading and the Court were to apply New Jersey law to this part of the transaction.  However, the Court applied New York law in this case because New York had more significant contacts with the transaction and the relationship to the parties than New Jersey. Applying New York's consumer protection statute, New York General Business Law § 349, the Court must still grant summary judgment to Defendants.  Indeed, the misleading conduct that Plaintiff alleges – that in response to Plaintiffs' initial inquiries, the salesperson informed them that the boat could be taken to Costa Rica, and then later informed Plaintiffs that the boat did not have the fuel capacity to be taken to Costa Rica and also was not suitable for transatlantic travel – does not fall within the ambit of Section 349.  *See Oswego Laborers' Local 214 Pension Fund et al v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (N.Y. 1995) (holding that a plaintiff must demonstrate that the complained of acts or practices have a broader impact on consumers at large, and that private contract disputes, unique to the parties, do not fall within the statute's realm).

In conclusion, Plaintiffs have not made any showing that would warrant reconsideration of the Court's Opinion and Order granting summary judgment to Defendants.  Accordingly, the Court denies Plaintiffs' motion for reconsideration and request for an order setting aside summary judgment. An appropriate order follows.

/s/ JOEL A. PISANO
_____ United States District Judge

3